## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JOHN-MICHAEL KUCZYNSKI,

    Plaintiff,

    v.

CAROLINA REID,
*in her individual capacity and in her*
*capacities as Trustee of the Jane Casey*
*Hughes Revocable Trust and as Personal*
*Representative of the Estate of Jane Casey*
*Hughes*,

    Defendant.

Civil Action No. 26-0910-TDC

## MEMORANDUM ORDER

Plaintiff John-Michael Kuczynski has filed this civil action against his sister, Defendant Carolina Reid, in which he alleges several common law claims arising out of Reid's administration of the Jane Casey Hughes Revocable Trust ("the Trust"), for which Reid is the Trustee and of which Kuczynski and Reid are beneficiaries. Kuczynski has filed a Motion for a Temporary Restraining Order and a Preliminary Injunction in which he seeks an order requiring UBS Financial Services, Inc. ("UBS") to freeze several accounts associated with the Trust and enjoining Reid from transferring or dissipating the funds in those accounts. The Motion is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

Kuczynski and Reid are siblings. Their mother, Jane Casey Hughes, established the Trust, named Reid as the successor Trustee, and named Kuczynski, Reid, and their sister as beneficiaries.

Hughes died on February 1, 2025. According to the Complaint, in January 2025, Reid transferred approximately $7 million of the Trust's assets from a Charles Schwab account to a UBS account, and the Trust has not yet made distributions to beneficiaries.

The present case is not the first court proceeding relating to the Trust. On April 17, 2025, Kuczynski filed *Kuczynski v. Reid*, No. C-15-CV-25-001897 (Montgomery Cnty. Cir. Ct. filed Apr. 17, 2025), a civil action against Reid in her capacity as Trustee in the Circuit Court for Montgomery County, Maryland ("the Circuit Court") to compel the disclosure of financial information relating to the Trust and to compel distributions from the Trust. After certain financial disclosures were made, on September 24, 2025, Kuczynski and Reid agreed to a settlement in which the Maryland case was dismissed with prejudice and the parties released one another from all claims arising out of the administration of the Trust that could have been discovered by reviewing the other party's disclosures.

On December 29, 2025, in relation to Trust assets, Kuczynski filed a Motion for a Temporary Restraining Order and a Preliminary Injunction in the Superior Court for the District of Columbia, Probate Division ("the Probate Court"), in which Reid had previously filed a Petition for Probate in the case of *In re Estate of Jane Casey Hughes*, No. 2025-ADM-000669 (D.C. Super. Ct. filed June 13, 2025). On February 20, 2026, the Probate Court denied that motion and all other motions relating to the Trust on the grounds that it lacked jurisdiction over the Trust.

At some point prior to January 21, 2026, UBS sent a letter to Reid stating that UBS had "restricted access" to the Trust accounts "[d]ue to notification of a pending legal matter," and that any disbursements would require a court order. UBS Letter at 1, Opp'n Ex. 14, ECF No. 17-15. According to Reid, UBS imposed the account restrictions in response to a letter sent by Kuczynski to UBS in which he stated that the "Trust assets are the subject of an active legal dispute" and

2

requested that UBS preserve certain assets and records. Kuczynski Letter at 1, Opp'n Ex. 13, ECF No. 17-14. Kuczynski disputes this characterization of these events, but the parties agree that UBS's restrictions are not mandated by a court.

On January 21, 2026, Reid filed a Petition in the Circuit Court in *In re Jane Casey Hughes Revocable Trust*, No. C-15-CV-26-000381 (Montgomery Cnty. Cir. Ct. filed Jan. 21, 2026), in which she requested that the Circuit Court assume jurisdiction over the Trust because, according to the Petition, Kuczynski was "materially interfering with the administration of the Trust, including taking actions which have frozen the bulk of the Trust's assets without cause or legal authority, preventing the Trustee from furthering the administration of the Trust, from paying the costs and expenses of administration, and ultimately from making any distributions to beneficiaries, bringing the administration of the Trust to a halt." Pet. ¶ 11, Opp'n Ex. 15, ECF No. 17-16. The Circuit Court has scheduled hearings to occur on April 27, 2026 relating to whether it should assume jurisdiction over the Trust and whether Kuczynski should be deemed a vexatious litigant based on his voluminous filings.

On March 4, 2026, Kuczynski filed the present Complaint in this Court, in which he alleges four claims against Reid in the following numbered counts: (1) breach of fiduciary duty; (2) conversion; (3) constructive fraud; and (4) accounting. On April 8, 2026, after Kuczynski filed the present Motion in this Court, Reid filed a Motion in the Circuit Court in which she requested that the Circuit Court order UBS to lift its restrictions on the Trust accounts.

## DISCUSSION

In the Motion, Kuczynski seeks a temporary restraining order ("TRO") or preliminary injunction requiring UBS to freeze the accounts containing Trust assets and enjoining Reid from transferring or dissipating funds from those accounts. To obtain a TRO or a preliminary injunction,

Kuczynski must establish that: (1) there is a likelihood of success on the merits; (2) there is a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the legal standard is the same for both a TRO and a preliminary injunction, and the defendant has now had the opportunity to oppose the Motion, the Court will construe the Motion as primarily seeking a preliminary injunction.

The Court addresses the second requirement first because it is dispositive here. To demonstrate a likelihood of irreparable harm in the absence of preliminary relief, Kuczynski "must overcome the presumption that a preliminary injunction will not issue when the harm suffered can be remedied by money damages at the time of judgment." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). This is because the "possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Although Kuczynski claims that a "judgment for money damages . . . cannot restore [his] right to receive his one-third share of the specific trust assets," he does not explain why that is so. Mot. at 6, ECF No. 7. He likewise fails to provide evidentiary support for his contention that Reid, absent a court order, will distribute or dissipate trust assets such that Kuczynski "cannot recover those assets in kind," *id.*, especially where UBS is, on a voluntary basis, presently barring any transfers of assets out of the Trust accounts until it receives a court order permitting disbursements. Notably, Reid, rather than acting unilaterally to disburse the assets, has petitioned the Circuit Court to assume jurisdiction over the Trust and, by motion, is seeking an order by that court to grant access to those funds. Because any alleged harm to Kuczynski can likely be remedied by a judgment for money damages in the ordinary course of litigation, and because Kuczynski has not provided evidence that Reid is likely

to dissipate or transfer the assets prior to a ruling on the issue by the Circuit Court, the Court finds that Kuczynski has not demonstrated a likelihood of irreparable harm. The Motion can therefore be denied on this basis alone.

As to each of the three other *Winter* requirements, the Court also finds that Kuczynski has not carried his burden. On the first requirement, the Court finds that Kuczynski has not shown that he is likely to succeed on the merits because there is a significant likelihood that this Court will abstain from reaching the merits of this case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–20 (1976). When there are parallel state and federal proceedings, the federal court considers six factors to determine if abstention under *Colorado River* is advisable:

> (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002). Recognizing that the parties will more fully brief this issue in relation to Reid's pending Motion to Dismiss, the Court finds in this preliminary posture that factors 1, 3, 4, 5, and 6 likely weigh in favor of abstention such that this case may well present the "exceptional circumstances" in which the Court should abstain. *Id.* at 340–41. Therefore, Kuczynski has not demonstrated a likelihood of success on the merits in the present case.

As to the third factor, the balance of the equities weighs against Kuczynski because while Reid, as the Trustee, has certain responsibilities in that role that will likely be hindered by the requested injunction, as discussed above, Kuczynski has not demonstrated that he will be harmed

by the lack of a court-ordered freeze on Trust assets. Finally, the public interest weighs against preliminary relief because the requested injunction could hinder the efficient administration of the Trust, which generally benefits the public. Further, where the state court, in an earlier filed case, is expected to address issues relating to the administration of and jurisdiction over the Trust in the next two weeks, it is not in the public interest to risk the issuance of overlapping orders by different courts in relation to the Trust assets.

Because all of the factors weigh against the requested preliminary relief, the Motion for a TRO and a Preliminary Injunction will be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 7, is DENIED.

Date: April 14, 2026

THEODORE D. CHUANG
United States District Judge